UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS M. FRIAS,

    Plaintiff,

v.                                           Case No. 8:12-cv-1016-T-17MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments. Plaintiff argues the administrative law judge ("ALJ") erred by failing to properly consider (1) the medical opinions of Plaintiff's treating and consulting physicians, Drs. Shah, Malhotra, and Wall, (2) the side effects of Plaintiff's medications, (3) Plaintiff's use of a cane, and (4) Plaintiff's work history in evaluating Plaintiff's credibility. After reviewing the record, I find the ALJ erred in failing to properly evaluate the medical opinions of Dr. Shah and Dr. Malhotra. Accordingly, the matter is remanded for further administrative proceedings.[1]

    *A. Standard of Review*

To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial

---

[1] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's residual functional capacity ("RFC"), whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R.

§§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*B. Background*

Plaintiff was thirty years old at the time of his administrative hearing, has one year of college education, and work experience as a sheet metal mechanic (Tr. 26). He alleges he has been unable to work since June 23, 2008, due to a fall from an eight-foot ladder at work, which caused severe injuries to his lower back (Tr. 27-28,168, 225). The ALJ agreed Plaintiff's impairments to his back were "severe" and also noted that Plaintiff suffered from a severe impairment of hearing loss (Tr. 62). Specifically, the ALJ found at step two of the

3

sequential analysis that Plaintiff suffered from severe impairments of mild degenerative disc disease in the cervical spine, mild degenerative disc disease with a mild bulging disc in the lumbar spine, and bilateral hearing loss that is worse on his right side; however, none qualified as a listed impairment in C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 62-63). At step four, he assessed Plaintiff retained the functional capacity to perform sedentary work, except that Plaintiff required a sit/stand option, could occasionally climb, balance, stoop, kneel, crouch, or crawl, but could not climb ladders, ropes, or scaffolds, and must avoid exposure to open heights and environments with extreme noise due to his bilateral moderate hearing loss, which prevented him from performing his past relevant work (Tr. 64, 68). At step five of the analysis, and with the assistance of a vocational expert, the ALJ found the Plaintiff could make a successful adjustment to other work (Tr. 68-69). Consequently, the ALJ found Plaintiff was not disabled (Tr. 69). Plaintiff requested review, and the Appeals Council, after reviewing additional information, denied Plaintiff's request for review (Tr. 1). Plaintiff, who has exhausted his administrative remedies, filed this action.

*C. Discussion*

*1. evaluation of medical opinions of treating and examining physicians*

Plaintiff first argues the ALJ failed to properly consider the medical opinions of Plaintiff's treating and consulting physicians. Specifically, Plaintiff asserts the ALJ improperly evaluated Drs. Shah's, Malhotra's, and Wall's opinions. In response, the Commissioner maintains that substantial evidence supports the ALJ's assessment of the medical opinions of record.

4

*a. Dr. Shah*

Plaintiff first alleges the ALJ erred by failing to assign any weight or consider the medical opinions of Dr. Shah.  The Commissioner counters that because Plaintiff failed to challenge the ALJ's RFC finding, the opinions of Dr. Shah are inconsequential.  Indeed, the Commissioner explains that because Dr. Shah offered no opinion regarding Plaintiff's functional limitations, the ALJ was not required to articulate what weight he gave to Dr. Shah's opinions.

Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the plaintiff's] impairment(s), including [the plaintiff's] symptoms, diagnosis and prognosis, what [the plaintiff] can still do despite impairment(s), and [the plaintiff's] physical or mental restrictions."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (*quoting* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).  When making his determination, the ALJ must consider and evaluate every medical opinion received.  20 C.F.R. § 404.1527.  In addition, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor," and the failure to do so is reversible error.  *Sharfaz v. Bowen*, 825 F. 2d 278, 279 (11th Cir. 1987)(citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).  This includes explaining the weight given to examining and consulting physicians.  *See Miner v. Astrue*, No. 3:11-cv-50-J-TEM, 2012 WL 955221, at *5 (M.D. Fla. Mar. 21, 2012)(remanding where ALJ failed to address a consulting examiner's report); *Kline-Parris v. Astrue*, No. 1:10-cv-111-MP-GRJ, 2011 WL 4375047,

5

at *13-14 (N.D. Fla. Aug. 18, 2011)(finding the ALJ erred by failing to discuss the report of a non-examining consulting physician). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.2d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). And "[a]lthough an ALJ is not required to specifically refer to every piece of evidence in the record, he is required to explain the weight he afforded to obviously probative exhibits." *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x. 830, 835 (11th Cir. 2011)(internal citations and quotations omitted).

Contrary to the Commissioner's assertion, Dr. Shah observed several functional limitations that could affect the ALJ's assessment of Plaintiff's RFC. Dr. Shah, who is board certified in neurology, opined that Plaintiff had severe pain in his lower back regions and was unable to test Plaintiff's lower extremities very well due to Plaintiff's severe pain in his lower back and radicular pain in his legs (Tr. 367). He further opined that Plaintiff's motor examination revealed Plaintiff had limitations in both hip flexion and extension, in both knee flexion and extension and in both dorsiflexion, plantar flexion, inversion and eversion due to severe pain (*Id.*). In Plaintiff's cerebellar examination, Dr. Shah stated in regards to Plaintiff's gait, he was unable to walk. In addition, Dr. Shah determined that Plaintiff had difficulty with to heel-to-toe walk and tandem walk, and Plaintiff would drag is right leg when he walked (*Id.*). Dr. Shah's impression was that Plaintiff had chronic lumbar sprain with the lumbar radiculopathy involving both legs, his right more than his left leg, a herniated disc at L5-S1 on the left side and some weakness in the upper arm muscles (*Id.*).

These assessments are consistent with the Plaintiff's treating physician Dr. Vitlamagna, who opined Plaintiff had a reduced range of motion, abnormal gait, and experiences pain constantly (Tr. 429). Dr. Vitlamagna also stated Plaintiff could only sit for fifteen minutes at a time and stand for fifteen minutes at a time, could sit for less than two hours in an eight-hour work day and could stand or walk for less than two hours in an eight-hour work day, which is substantially more restrictive than the ALJ's RFC assessment (Tr. 67). The ALJ assigned Dr. Vitlamagna very little weight primarily because the ALJ found Dr. Vitlamagna was inconsistent with other substantial evidence of record (*Id.*). The ALJ also rejected Dr. Vitlamagna's opinion because he was a general practitioner and other specialist had opined Plaintiff's limitations were not as severe as those mentioned by Dr. Vitlamagna (*Id.*). As such, the ALJ assigned other specialists greater weight (*Id.*). Nonetheless, in his determination, the ALJ completely ignored Dr. Shah's opinion, a neurology specialist. In fact, he failed to discuss Dr. Shah's opinion at all, despite assigning weight to other consultive physicians whose opinions were more aligned with the ALJ's RFC assessment (Tr. 65). The ALJ was required to address Dr. Shah's opinion and provide reasoning for considering or not considering his opinion. The failure to do so requires remand to the Commissioner so that the ALJ properly can consider and determine the appropriate weight to be accorded to the opinion expressed by Dr. Shah.

*b. Drs. Malhotra and Wall*

Plaintiff next argues that the ALJ improperly evaluated the medical opinions of Dr. Malhotra, one of Plaintiff's treating physicians, and Dr. Wall, a consulting physician. As

7

for Dr. Malhotra, Plaintiff asserts that although the ALJ gave Dr. Malhotra's opinion significant weight, the ALJ mischaracterized Dr. Malhotra's records to support the ALJ's conclusion and did not explain his reasoning for rejecting Dr. Malhotra's opinion that Plaintiff could not return to work. Plaintiff argues the ALJ also mischaracterized the medical opinion of Dr. Wall. Plaintiff contends that although the ALJ gave great weight to Dr. Wall's opinion that Plaintiff should be limited to a desk job, the ALJ failed to mention that Dr. Wall also opined that Plaintiff was unable to work until he recovered from recommended treatments. And if Plaintiff did not obtain those treatments, Plaintiff would be unable to return to the work force. The Commissioner responds that the medical evidence of record supports the ALJ's conclusion to discount Dr. Malhotra's and Dr. Wall's opinions that Plaintiff could not work. And furthermore, the decision of whether Plaintiff could return to work is reserved to the Commissioner.

An ALJ may not arbitrarily reject or ignore uncontroverted medical evidence. *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986) (administrative review must be of the entire record; accordingly, the ALJ cannot point to evidence that supports the decision but disregard other contrary evidence); *Goodley v. Harris,* 608 F.2d 234, 236-37 (5th Cir. 1979) (ALJ may not choose to "arbitrarily ignore" uncontroverted medical testimony).[2]

While the Commissioner is correct that whether or not a Plaintiff is unable to work

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

8

or is disabled is a decision reserved to the Commissioner, such opinion "must not be ignored, and the Commissioner must examine the entire record to determine whether such opinion[] [is] supported by the record." *Carnley v. Astrue*, No. 5:09cv6-RH/MD, 2010 WL 940988, at *5 (N.D. Fla. Mar. 13, 2010) (*citing* SSR 96-5p).  In his decision, the ALJ awarded Dr. Malhotra's opinions significant weight to the extent Dr. Malhotra's opinion was consistent with the ALJ's RFC determination that Plaintiff could perform work at the sedentary level (Tr. 67).  However, Dr. Malhotra noted several times in his reports that Plaintiff was unable to work in his current condition even at the sedentary level (Tr. 342, 345, 362, 330).  Thus, the ALJ ignored Dr. Malhotra's opinion that Plaintiff could not work at the sedentary level.  The ALJ was required to resolve any inconsistencies in the evidence and explain his basis for not crediting Dr. Malhotra's conclusions.  Accordingly, the ALJ's decision must be remanded for further findings.

Notwithstanding, the ALJ did not mischaracterize the opinion of Dr. Wall.  Dr. Wall found that Plaintiff would not reach maximum medical improvement until he completed his medical treatments, and at the time, Plaintiff could not return to work with his previous employer or return to any type of work that included physical labor until further recovery of treatment (Tr. 489).  But contrary to Plaintiff's assertions, Dr. Wall's opinion that Plaintiff was restricted to desk type work was not contingent on Plaintiff obtaining treatment.  Instead, Dr. Wall concluded that if Plaintiff did not obtain treatment his condition would worsen to the extent Plaintiff would be out of the workforce (*Id.*).  Thus, I find the ALJ did not err in evaluating Dr. Wall's opinion.

9

### 2. *Plaintiff's remaining allegations*

Because I find remand is appropriate due to the ALJ's failure to properly evaluate Dr. Shah's and Dr. Malhotra's medical opinions, it is unnecessary to address the Plaintiff's remaining contentions that the ALJ erred in evaluating Plaintiff's complaints of side effects of his medication, Plaintiff's use of a cane, and Plaintiff's credibility.

### *D. Conclusion*

For the reasons previously discussed, the Court recommends that the ALJ's decision be reversed and the case be remanded for further consideration of Dr. Shah's and Dr. Malhotra's opinions consistent with this Report and Recommendation. Accordingly, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be REVERSED and the case REMANDED for further administrative proceedings consistent with this Report and Recommendation; and

2. The Clerk of Court be directed to enter final judgment in favor of Plaintiff.

IT IS SO REPORTED in Tampa, Florida on August 2, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable Elizabeth A. Kovachevich